UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY LASHAWN FORTNER,<br><br>Plaintiff,<br><br>v.<br><br>LAKE COUNTY JAIL STAFF,<br><br>Defendant. | Case No. 25-cv-02615-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pre-trial detainee[1] currently housed at Lake County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983.[2]  His complaint (Dkt. No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A.  Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  Under 28 U.S.C. § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).  A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).  In its

---

[1] The Court presumes that Plaintiff is a pre-trial detainee as he states that his criminal case is ongoing.  Dkt. No. 1 at 2.
[2] Plaintiff initially filed his complaint in the Central District of California on a form for a petition for a writ of habeas corpus.  Dkt. No. 1.  The Central District of California construed the initial pleading as a prisoner civil rights complaint.  Dkt. No. 4.

1  review, the court must identify any cognizable claims and dismiss any claims that are frivolous,
2  malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a
3  defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings
4  must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir.
5  2020).

6  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
7  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not
8  necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the
9  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
10 While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
11 the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
12 A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
13 cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

14 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
15 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
16 the alleged violation was committed by a person acting under the color of state law. *See West v.*
17 *Atkins*, 487 U.S. 42, 48 (1988).

18 **B.    Dismissal with Leave to Amend**

19 Plaintiff's 85-page complaint is a collection of his various complaints about jail conditions,
20 such as missing mail; the LVN's refusal to give him his inhaler; not receiving treatment for a head
21 injury suffered when he slipped in the shower; correctional officers accusing him of exaggerating,
22 calling him "the boy who cried wolf," making fun of and mimicking him, and disrespecting him;
23 deputy Cline putting his hands on Plaintiff when Plaintiff did not respond to him; the failure to
24 check him for diabetes; receiving a rules violation from deputy Cline for stockpiling food in
25 retaliation for Plaintiff writing up deputy Cline; placement in a broken cell that didn't work; lack
26 of access to a tablet; Lake County Jail officers fail to wear the required body cameras; refusal to
27 release his medical and mental health records; denial of his request for medical shoes; lack of
28 access to an eye doctor and a dentist; putting him on a low calorie diet without sweets when he is

1   no longer a diabetic; failure to post a list of coping techniques in the jail to assist inmates manage
2   their mental health issues; refusing to provide him with food to accompany his medication; and
3   telling a mental health inmate that he could not sing or do pull-ups when it was needed for his
4   mental health. *See generally* Dkt. No. 1.  Since filing this action, Plaintiff has filed additional
5   letters with the Court that report his complaints regarding jail conditions as they occur. *See, e.g.,*
6   Dkt. Nos. 15-18, 21-22, 24.

    The Court DISMISSES the complaint with leave to amend because it violates the joinder rule set forth in Fed. R. Civ. P. 20 and Fed. R. Civ. P. 8(a)'s requirement of a short and plain statement.

    Fed. R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  In the complaint, Plaintiff has listed what appears to be every complaint he has about Lake County Jail conditions between January 2025 to February 9, 2025.  However, in this action, Plaintiff may only seek relief for incidents that (1) arise out of the same occurrence; and (2) have a common question of law or fact common to all defendants.  For example, Plaintiff's concerns about missing mail involve different jail officials and arise from a different occurrence than the incidents involving the denial of an inhaler.  Plaintiff needs to choose the claims he wants to pursue in this action that meet the joinder requirements.  Plaintiff should file separate actions for the claims that arise out of separate occurrences.

    Fed. R. Civ. P 8(a)(2) requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief."  Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with

1  redundancy, and largely irrelevant"). The failure to comply with Rule 8 is a basis for dismissal
2  that is not dependent on whether the complaint is without merit. *Id.* at 1179. Accordingly, even
3  claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed
4  for violating Rule 8(a). *Id.* Plaintiff's pro se status does not relieve him of the requirement to
5  follow the pleading rules. *See, e.g., Romano v. U.S. Army Core of Eng'rs*, Case No. 17-cv-930-
6  JD, 2017 WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017). The current complaint is a rambling
7  account of a series of unrelated incidents, and therefore violates Rule 8. *See, e.g.*, *Cafasso, U.S. ex
8  rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (complaints are subject to
9  dismissal if they are "needlessly long," "highly repetitious, confusing, or consist of
10 incomprehensible rambling"); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir.
11 2003) ("When reading [plaintiff's] brief, one wonders if [plaintiff], in its own version of the
12 spaghetti approach, has heaved the entire contents of a pot against the wall in hopes that
13 something would stick. We decline, however, to sort through the noodles in search of [plaintiff's]
14 claim.").

15     In the interests of justice, the Court GRANTS Plaintiff leave to file an amended complaint
16 to address the deficiencies identified above.

17     In preparing an amended complaint, the Court advises Plaintiff as follows.

18     First, in this action, Plaintiff may only pursue relief with respect to actions (or inactions)
19 that (1) arise out of the same transaction, occurrence, or series of transactions or occurrences, and
20 (2) share a common question of law or fact. Fed. R. Civ. P. 20(a)(2).

21     Second, Plaintiff should, for each cause of action, (1) state as clearly as possible the facts
22 giving rise to the cause of action; (2) identify by name the individual he seeks to sue; (3) explain
23 in a simple and concise manner why the named defendant is being sued in connection with the
24 alleged wrongdoing; (4) identify the constitutional provision or federal law violated. The Court
25 will not attempt to identify causes of actions or defendants from a narrative of events or from a
26 laundry list of claimed wrongs.

27     Third, Plaintiff is reminded that a pleading that offers only labels and conclusions, or a
28 formulaic recitation of the elements of a cause of action, or naked assertions devoid of further

1    factual enhancement does not suffice to state a cognizable claim for relief.  *Ashcroft*, 556 U.S. at

2    677–78.

3            Fourth, Plaintiff is cautioned that not every unpleasant interaction with jail officials gives

4    rise to a constitutional violation.  Allegations of verbal harassment and abuse fail to state a claim

5    cognizable under 42 U.S.C. § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)

6    *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008);

7    *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff's sub nom. Kush v.*

8    *Rutledge*, 460 U.S. 719 (1983).  In addition, conclusory allegations are insufficient to state a

9    claim.  For example, it is unclear if Plaintiff is complaining generally about the failure to have a

10   jail dentist or eye doctor, or if he has an eye condition or dental condition which has not been

11   treated.  It is also unclear what federal law or constitutional provision was violated by jail

12   officials' alleged failure to wear body cameras.

13           Fifth, Plaintiff is advised that all his claims must be contained in the amended complaint.

14   Plaintiff has filed additional letters with the Court that report his complaints regarding jail

15   conditions as they occur.  *See, e.g.,* Dkt. Nos. 15-18, 21-22, 24.  These letters serve no legal

16   purpose.  Filing a letter with the Court does not add a claim to the operative complaint.  In other

17   words, the concerns raised in Plaintiff's letters are not at issue in this action.  The only claims that

18   will be litigated in this action are the cognizable claims pled in the operative complaint.  Currently

19   there is no operative complaint as the initial complaint has been dismissed with leave to amend.

20   Plaintiff should refrain from writing letters to the Court to report on events as they happen as these

21   letters have no legal effect, and the Court cannot take action based on letters.  Plaintiff's numerous

22   letters clutter the docket and may delay the Court's ability to address meritorious requests or

23   issues.

## CONCLUSION

25           For the foregoing reasons, the Court DISMISSES the complaint with leave to amend.

26   Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint

27   that addresses the identified deficiencies.  The amended complaint must include the caption and

28   civil case number used in this order, Case No. C 25-02615 HSG (PR) and the words "AMENDED

1   COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the
2   questions on the form in order for the action to proceed.  An amended complaint completely
3   replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir.
4   2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to
5   present and all of the defendants he wishes to sue, and may not incorporate material from the prior
6   complaint by reference.  Failure to file an amended complaint in accordance with this order in the
7   time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk
8   shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:    5/5/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge